UNITED STATES DISTRICT COURT-
SOUTHERN DISTRICT OF NEW JERSEY

Devon A. Young
    Petitioner,

-vs-

DAVID E. ORTIZ/WARDEN
    Respondent,



RECEIVED
FEB 1 6 2021
AT 8:30_____M
WILLIAM T. WALSH
CLERK

EMERGENCY PETITION FOR WRIT OF HABEAU CORPUS
CHALLENGING THE CONDITIONS OF CONFINEMENT
PURSUANT TO 1651 & 2241.

I.    Introduction

    Comes now Devon A. Young, Herein after "Young," makes this Application For (Writ of Habeas Corpus) on grounds that I (Devon A. Young) am presently incarcerated inside Federal Correctional Institution Fort Dix (Hereinafter Fort Dix") under the immediate custody of David E. Ortiz Warden (Hereinafter "Respondent") under condition which violated U.S. Const. Amend. VIII Right to be free from cruel and unusual punishment and the 14th Amendment Right of equal protection of the law, which requires that the government protect incarcerated persons from a substantial risk of serious harm to their health and safety which includes protecting them from the COVID-19 which poses a significant increased risk to myself fueled by the facts that Fort Dix, is over populated and social-distancing and My health problems.

    At the onset of the COVID-19 pandemic at FCI Elkton, Devon A. Young, was identified by the Bureau of Prisons as being "Medically Vulnerable," to contact the virus and experience severe, life-threatening medical risks. Young tested positive for COVID-19, and due to his serious chronic medical conditions of diabetes, hypertension, sleep apnea, epilepsy and diabetic neuropathy, he fears future lingering medical risk from initial exposure and from the risk associated from further contact.

    Young requested compassionate release from the Warden at Fort Dix on 10-09-2020, No Response as of 2021.

II.    Jurisdiction And Venue

    Young brings this motion for habeas corpus, challenging the condition of confinement pursuant to 28 U.S.C. § 2241. Venue is proper in this judicial district and division pursuant

to U.S.C. § 2241(D) because Young is in custody in this jurisdictional district and venue. Additionally, the venue is proper pursuant to U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to Young's claim occurred in this district.

III) Factual Allegations

COVID-19, is a "terrible virus, "McIndoo, 2020 WL 2201970 at *4, and it presents a life-threatening risk to inmates and staff, especially those like Young who are medically vulnerable. Viewing FCI Fort-Dix, positive COVID-19, cases at https:/www.bop.gov/coronavirusindex.jsp on Jan 25/2021, the Bureau of Prisons reported 1591 Active confirmed cases at Fort- Dix. The active numbers of cases rose from 953 on Jan 22/2021 to 1591 on Jan 25 of 2021. This number represents an approximate increase of 43%. The 953 confirmed cases has risen in past 3 days, and that number compared to an approximate inmate population of /2568/ and /168/ Inmates on camp grounds illustrates a sick rate greater than 40%. If that contamination ratio was spread throughout the United States, we would have experienced 140,000,000 +positive cases. Young is approximately 35X more likely to contract COVID-19 then the average American.

//One Death As of Friday 22-2021.// Inmate died from Diabetes and obesity and tested positive for COVID-19.

Fort Dix cannot keep Young safe and Courts around the country are agreeing, United States v. Esparza, No. 1:07-cr-00294-BLW, 2020 WL. 1696084 at *2 (D. Idaho, April 7,2020) ("The dangers of COVID-19, to high risk individuals who are imprisoned is likely much greater than those who are free to take their own protective measures. Even in the best run prisons, officials would find it difficult, if not impossible, to follow CDC's guidelines for preventing the spread of the virus among inmates and staff, practicing fastidious hygiene and keeping a distance of at least six feet from others.")

United States v. Kelly, No. 3:13-CR-59-CWR-LRA-2, 2020 WL 2104241 (S.D.Miss.May 1-2020)("Despite the BOP's efforts, COVID-19 has continued to spread… and more prisoners have died.

Finally, a closer look at Title IV, Section 401, Reduce and restrict enhanced sentencing for prior drug felons, the enhancement can only apply if:

A) The offender served a term of imprisonment of more than 12 months and;
B) The offender's release date from any term of imprisonment was within 15 years of the commencement of the instant offense. Young's prior state conviction no-longer qualifies under First Step Act of 2018, because Young did not serve more than 12 months on his prior state conviction under case no. 49F09-9601, out of Marion County, Criminal Divisions, Court Room Nine, Indianapolis IN, where Young only served 9 months on this prior conviction dated: back to 1996.

Under Current Law First-Step Act 2018, President Trump made this Statutory change in law where Young is being held under an illegal sentence under the current law. Regarding sentencing disparities among similarly situated defendants, those convicted of similar crack-cocaine trafficking crimes received an average sentence of 78 months. If sentenced today Young's sentence would be much lower than time he has already served in case for distributing crack-cocaine.

Moreover, because Mr. Young will have spend ten years under supervised release, he will have spent over two decades being accountable for his actions in total. Thus, twenty years of accountability will certainly reflect the seriousness of the offenses committed.

    Finally, because Mr. Young has a well-established, comprehensive re-entry plan that indicate he will be living in a stable household with a person that will definitely keep him accountable, the probability that Mr. Young will be a "conduit for spreading COVID-19, in the community" is significantly reduced. As mentioned, Devon will have plenty of space to isolate and keep himself and his family safe. Since he already contracted COVID-19, Mr. Young understands the serious risk that spreading COVID-19, to his loved ones could cause. In these difficult times, Devon has no choice but to isolate himself. His loved ones are far too valuable. Young has two son's DaVarius and Brandarius whom both miss their father very much in which DaVarius was 4 years of age and Brandarius was 11 years of age, both children suffer from their father incarceration and praying their father be granted home confinement.

    The Warden and Staff here are Incompetent to protect the safety of inmates on Friday 22,2021 One died of COVID-19, The Warden and staff failure to protect the rights of all inmates failed here at FCI Fort Dix, where a life could have been saved the medical refused to see inmate for 10 days.

    The Warden and staff ignored the inmate cry for help here at FCI Fort Dix, where if we look to the pass See: Judge Gwin ***Order*** release all vulnerable Inmates to home confinement. It's not safe here when the Warden fabricated a story about an inmate life.

All these events took place at FCI Elkton, same situation the Warden here is not listening for cry for help by inmates this is not a safe place for vulnerable inmates. Fact Cannot be Dispute: An Inmate died on Friday 22-2021, because the Warden and staff did not protect the safety of all inmates a life was lost due to Incompetent Warden and staff members not wanting to do their job to protect inmates safety during the pandemic stages in life.

    Facts Cannot Be Disputed Under Rule 201(b)(2): I'm one of the same Inmates whom is on that Vulnerable list where Judge said release to home confinement but again in Warden ship all vulnerable Inmate here at FCI Fort-Dix, to die. It's worse here and staff is only working for that extra check called (Hazard Pay). Environmental Limitations for Preventative Measures to Practice safe distancing to protect yourself and others

and medical staff limits access to provide services. See: Equal Protection/Rouse v Benson, 193 F3d 936 (8th Cir, 1999) The equal protection clause extends to prison inmates, See: "Deliberate indifference" standard is applicable to a prisoner's claim that conditions of confinement constituted cruel and unusual punishment in violation of Eighth Amendment. See: Fort-Dix, Jan 22/2021, 953 active cases rose to 1591 within 3 days Jan 25/2021, Population of 2568 and 168 Inmates on the camp grounds at FCI Fort-Dix. "One Death as of Friday 22/2021.

RIP-Myron Crosby 58 died, Friday at a Local Hospital (BOP) confirmed To Gothamist/WNYC/Monday Morning, Crosby was taken in for treatment 10 days after he tested positive for COVID-19, ON Dec 28th, Having Trouble Breathing. Crosby was obese and diabetes. The Court Records show his request for compassionate release was denied in Oct, he had only served 20% of Jail sentence. Prayers goes out to the Crosby Family.

By contrast, Mr. Young has a well-established re-entry plan that would better ensure his safety upon release from incarceration. As mentioned, Mr. Young would be living with his Aunt, Pamela Gillenwaters, In three-bedroom home in Indianapolis, Indiana: (317) 501-0948. Devon would have his own bedroom and livingroom area where he could properly self-isolate. This is in Stark contrast to what FCI Fort-Dix, has to offer. While living with his aunt won't ensure his health, it certainly provides him a better opportunity than should he remain at FCI Fort-Dix.

Young was not sentenced to **Death** although his life is a risk daily at FCI Fort-Dix, where the **Warden** cannot control nor stop the spread of **COVID-19,** he's not **God.**

Ultimately, Mr. Young, requests that this Court provide whatever relief that it deems appropriate, keeping in mind that he suffers from **Multiple** CDC guidelines ailments that put his life at grave risks.

I declare under penalty of perjury that the foregoing 2241 hebeas corpus motion is true and correct and complies with 28 U.S.C. § 1746.

*D. Young*

Haines v Kerner 404 US 519, 30 L Ed 2d 652, 92 § Ct 594 (1972)

Pro se litigants pleadings are to be construed liberally and held to less stringent standard than formal pleading drafted by lawyers; if court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to

cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.

Young request appointment of counsel under § 3006(A).

CERTIFICATE OF SERVICE

I Devon Young hereby certify that on the 28th day of Jan, 2021, a copy of the foregoing was mailed through the FCI Fort Dix, P.O. Box 2000, Joint Base MDL, NJ 08640. Please file this using the Court's CM/ECF filing system with all parties of interest.

1-28-2021

*/s/ D. Young*
Devon Young
Reg# 23887-076
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640