**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEVON A. YOUNG,

        Petitioner,

v.

DAVID E. ORTIZ,

        Respondent.

Civil Action No. 21-2675 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Devon A. Young's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which seeks to challenge his detention in light of the risk he believes that COVID-19 poses him should he contract the virus once again. Following an order to answer, the Government filed a response to the petition (ECF No. 7), to which Petitioner replied. (ECF No. 9.) For the reasons expressed below, Petitioner's habeas petition is denied.

**I.    BACKGROUND**

Petitioner is a convicted federal prisoner currently serving a sentence related to a drug distribution conspiracy conviction arising out of the Southern District of Indiana at Fort Dix FCI. (*See* ECF No. 7-1 at 6.) In his current Petition, Petitioner contends that he believes that his continued detention in the prison pursuant to his judgment of conviction amounts to cruel and

unusual punishment warranting his release in light of the threat of death or serious complications he believes he is subject to should he again contract COVID-19. (ECF No. 1.)

Although Petitioner asserts that COVID-19 infection would amount to a death sentence in light of his medical history which includes diagnoses of diabetes, hypertension, and related issues (*see* ECF No. 4-1 at 6), Petitioner has previously contracted *and recovered from* COVID-19 infection without serious complication. (*See* ECF No. 4-1 at 27.) Specifically, Petitioner's medical records indicate that he contracted COVID-19 in late June 2020 while housed in a different federal prison. (ECF No. 4-2 at 31.) Petitioner was placed in an isolation unit and treated. (*Id.*) According to Petitioner's records, he was asymptomatic by July 8, and was tested frequently for further infection. (*Id.* at 20-30.) By mid-July, tests confirmed that Petitioner had essentially overcome his infection without major issue. (*Id.* at 25.) Following his transfer to Fort Dix several months later, Petitioner received at least two doses of the Pfizer COVID-19 vaccine. (*See* ECF No. 4-1 at 46-47.) Although Petitioner has been quarantined under COVID-19 policies following exposure to infected inmates since that time, it does not appear that he has contracted the virus again, and even during this quarantine, Petitioner was subjected to monitoring and health checks. (*Id.*) Petitioner's medical records thus indicate that prison officials have monitored and treated his health issues throughout his imprisonment, at Fort Dix and elsewhere, and that Petitioner had little trouble when he did contract COVID-19 in early summer 2020. Prison records further indicate that the Federal Bureau of Prisons and Fort Dix itself have both taken significant steps to mitigate the threat of COVID-19 in general, including testing of staff and inmates, the provision of safety equipment, quarantines for infected and those in close contact, increased cleaning procedures, and limitations for outside entrants into prisons. (*See* ECF No. 7-2.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In response to Petitioner's habeas petition, which seeks his release in light of the perceived threat of COVID-19, the Government argues that this Court lacks jurisdiction to provide the relief Petitioner seeks through this habeas matter. Although neither the Third Circuit nor Supreme Court have directly addressed the propriety of a habeas petition brought by a convicted prisoner challenging his conditions of confinement and seeking release, the Third Circuit did permit such a petition to proceed for non-criminal immigration detainees in its opinion in *Hope v. Warden York County Prison*, 972 F.3d 310, 324 (3d Cir. 2020). In so doing, however, the Third Circuit noted that habeas jurisdiction should only be exercised in conditions of confinement cases in "extreme cases" presenting "extraordinary circumstances." *Id.* Because, unlike the immigration detainees at issue in *Hope*, convicted prisoners have alternative means to seek relief, such as compassionate release motions premised on extraordinary circumstances, many courts, including those in this district, have found that the exercise of habeas jurisdiction over conditions of confinement claims brought by convicted prisoners to be improper. *See Goodchild v. Ortiz*, No. 21-790, 2021 WL 3914300, at *15-16 (D.N.J. Sept. 1, 2021) (collecting cases). Given these alternative remedy structures, and the lack of clear law establishing habeas jurisdiction for conditions cases brought

by convicted prisoners, as opposed to non-criminal detainees, this Court finds that it lacks habeas jurisdiction to consider the claims Petitioner now seeks to raise. *Id.*

Because the Third Circuit and Supreme Court have yet to expressly address the issue, however, this Court will alternatively address the merits of Petitioner's claims as well as his petition's jurisdictional failings.[1] Even under the more petitioner-lenient standard applicable to immigration detainees, the Third Circuit has made it abundantly clear that COVID-19 in and of itself is no basis for the extreme relief of outright release, even for those individuals with medical histories including diseases which may complicate or exacerbate a COVID-19 infection. *Hope*, 972 F.3d at 326-31. As the Court of Appeals explained in *Hope*, in evaluating the assertion that a prisoner's conditions of confinement are unconstitutionally punitive, reviewing courts "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID-19 unless there is "substantial evidence in the record to indicate that the officials have exaggerated their response" to the situation. *Id.* Where a government entity has a strong interest in detaining the petitioner– which is undoubtedly the case for a convicted felon serving his sentence – the Third Circuit rejected the assertion that detention during the COVID-19 pandemic would amount to unconstitutional punishment where the facility in which the plaintiff is housed had taken concrete steps aimed at mitigating the threat posed to detainees. *Id.* at 327-29.

---

[1] As noted by the Government, in addition to being based on an improper understanding of habeas jurisdiction, Petitioner's habeas petition is also likely not properly exhausted and subject to dismissal as such as he did not file full administrative appeals through the proper BOP channels before pursuing this matter. *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (federal prisoners must normally exhaust all available administrative remedies before they may seek relief in the district court); *see also* 42 U.S.C. § 1997e (prisoners challenging conditions of confinement in federal court must ordinarily exhaust all claims administratively before filing suit). Because this Court finds that it lacks jurisdiction over Petitioner's claims, and that Petitioner's claims are in any event without merit as explained herein, this Court need not further discuss the exhaustion issue at this time.

4

The Third Circuit has similarly held that release will not be warranted on medical grounds absent at the very least a showing that a detention facility's COVID-19 response amounts to deliberate indifference to his medical needs. *Id.* at 329. "To establish deliberate indifference, [a plaintiff] must show the Government knew of *and disregarded* an excessive risk to [his] health and safety." *Id.* at 329 (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000)). In evaluating such claims, "[t]he context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference," and a reviewing court must defer to the expertise of both medical officials and prison administrators, and not assume a constitutional defect where concrete action has been taken in response to the COVID-19 pandemic as "[r]ules of due process are not subject to mechanical application *in unfamiliar territory.*" *Id.* at 329-30 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)). Thus, where the Government has taken concrete steps towards mitigating the medical effects of COVID-19 on a detention facility, a prisoner will fall "well short of establishing that the Government was deliberately indifferent toward [his] medical needs" in light of the virus even though the detaining officials cannot entirely "eliminate all risk" related to contracting COVID-19. *Id.* at 330-31.

Here, Plaintiff's records indicate that he contracted and completely recovered from COVID-19 before his arrival at Fort Dix. His records likewise indicate that, shortly after arriving at Fort Dix, Petitioner was provided access to, and actually received a COVID-19 vaccination. The record further establishes that prison officials monitored and treated Petitioner's ongoing medical needs, and that the prison and Bureau of Prisons took substantial steps to mitigate the threat of COVID-19, including the quarantining of the infected, monitoring symptoms of prisoners and staff both, the provision of protective equipment and increases in cleaning services, and the like. It is thus abundantly clear that Fort Dix and the BOP have taken concrete action to mitigate the risk of COVID-19, and that Petitioner has failed to show that the prison was deliberately

5

indifferent to his needs or unduly punitive in its responses to the virus and to Petitioner's medical needs. Petitioner has thus failed to show that COVID-19 warrants his release, and his habeas petition is thus without merit.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED** to the extent this Court lacks jurisdiction over it and is alternatively **DENIED** as it is in any event without merit. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge